**Nathaniel WILLIAMS, a/k/a Wilbur Johnson, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 85–1162.

District of Columbia Court of Appeals.

Argued Nov. 9, 1988.
Decided Jan. 10, 1989.

---

Daniel E. Ellenbogen, Kensington, Md., appointed by this court, for appellant.

Oliver W. McDaniel, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., Michael W. Farrell and Mary Ellen Abrecht, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before ROGERS, Chief Judge, MACK, Associate Judge, and PRYOR, Senior Judge.

PER CURIAM:

Appellant was tried and convicted by a jury of one count of assault. D.C.Code § 22–504 (1981). As a consequence of an incident which occurred during a court recess early in the trial proceedings, appellant, after a hearing, was adjudicated in contempt of court. In this court, he asserts a procedural error with respect to each adjudication, although neither of these objections was raised contemporaneously in the trial court. We affirm the conviction for assault and reverse the contempt adjudication.

■ The record shows that, at an early stage of the trial proceedings, the prosecutor reported to the trial court that appellant had made a threatening gesture to one of the government's witnesses during a court recess. Having excused the jury for the day, the judge examined the witness in question. The appellant, his counsel, and the prosecutor were present. In addressing the court, the witness was not sworn. Appellant raised no objection. We need not concern ourselves with the question of whether the requirement of sworn testimony can be waived or whether the lack of objection constitutes such waiver, *see United States v. Odom*, 736 F.2d 104 (4th Cir. 1984); *Beausoliel v. United States*, 71 App.D.C. 111, 113, 107 F.2d 292, 294 (1939), since it is apparent here that the witness, who had testified previously, was already under oath. After hearing from the witness, cross-examination by appellant's counsel, and argument from counsel, the trial court concluded beyond a reasonable doubt that appellant's conduct had been contumacious and held him in contempt of court. Again, there was no contemporaneous objection of any kind raised with the court. Some days later a motion for arrest of judgment was filed. This motion was withdrawn and, still later, filed again.

■ Appellant urges that the court could not properly adjudicate him in contempt since the trial judge did not personally see the alleged behavior. This argument would have force if the judge, without more, had summarily held appellant in contempt for acts done beyond the presence of the judge. *See* D.C.Code § 11–944 (1981). That, however, is not this case. The court conducted a hearing and heard argument from counsel. Indeed, had the sanction imposed exceeded six months' imprisonment or a fine greater than $300, appellant could have requested that a jury be the factfinder. *See In re Evans*, 411 A.2d 984, 990 (D.C.1980).

■ Super.Ct.Crim.R. 42(b) sets forth notice requirements for contempt prosecutions for conduct occurring outside of the judge's presence. Super.Ct.Crim.R. 42(b) requires notice that "shall state the time and place of hearing, allowing a reasonable time for the preparation of the defense, and shall state the essential facts constituting the criminal contempt charged and describe it as such." We observe that no mention of criminal contempt was made until the very end of the proceedings when the judge made his ruling. Thus, appellant was not clearly notified of the nature of the proceedings as required by Rule 42(b). While we do not fault the trial court for taking prompt action on a serious charge, the very seriousness of the charge requires that the defendant understand the possible consequences of the proceeding so that he may defend himself appropriately. Under the circumstances, the trial court's failure to identify the hearing as one to determine criminal contempt was plain error. *Watts v. United States*, 362 A.2d 706, 709 (D.C. 1976) (en banc).

■ We need give little time to appellant's assertion of error regarding his assault conviction. Appellant urges that the government's evidence showed at least

three acts that could constitute assault and that thus an additional jury instruction regarding unanimity was required. No request for an additional instruction was made, but, nonetheless, in addition to an instruction that the verdict must be unanimous, the trial court gave the jury a special verdict sheet requiring a verdict for each possible assault. The jury marked the form to show that it found appellant guilty of each of the three acts. In the absence of an objection at trial, we perceive no error and certainly no plain error. *Id.* *See also Shivers v. United States,* 533 A.2d 258, 262 (D.C.1987).

AFFIRMED IN PART AND REVERSED IN PART.